IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE A. COREAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| L-3 COMMUNICATIONS | § | |
| CORPORATION d/b/a L-3 | § | |
| COMMUNICATIONS – EOS, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a) and § 1446, L-3 Communications Corporation d/b/a L-3 Communications – EOS ("L-3 Communications") files this Notice of Removal ("Removal"), as follows:

**I.
INTRODUCTION**

On or about January 21, 2011, Jose A. Coreas ("Coreas") filed his Original Petition against L-3 Communications for alleged violations of the Texas Commission on Human Rights Act ("TCHRA") and Texas Labor Code arising from the termination of Coreas' employment with L-3 Communications. The lawsuit is currently pending in the 298th Judicial District Court of Dallas County, Texas, bearing Cause No. DC-11-00706, and styled *Jose A. Coreas v. L-3 Communications Corporation d/b/a L-3 Communications - EOS* (the "State Court Action"). L-3 Communications was served with the State Court Action on January 25, 2011.[1]

---

[1] *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A, Tab 3 ("Return of Citation").

_____
**DEFENDANT'S NOTICE OF REMOVAL**                                                          **PAGE 1**

## II.
## GROUNDS FOR REMOVAL:  DIVERSITY JURISDICTION

**1.     Complete Diversity of Citizenship Exists.**

The United States District Court for the Northern District of Texas is by law given jurisdiction of the State Court Action based on the diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(a).  In his Petition, Coreas alleges that he is a citizen of Texas.[2]  L-3 Communications is a corporation incorporated under the laws of the state of Delaware and its principal place of business is located in New York.[3]  Because a corporation shall be deemed to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business, L-3 Communications is a citizen of Delaware and New York.[4]  Accordingly, Coreas and L-3 Communications are citizens of different states and complete diversity exists.[5]

**2.     The Amount Of Controversy Exceeds the $75,000 Judicial Threshold Of This Court.**

The amount of controversy is determined at the time of removal.[6]  In determining whether the amount in controversy requirement is satisfied, the court looks first to whether the plaintiff alleges a specific amount of damages in the petition.[7]  Where the plaintiff does not allege a particular sum in damages, as in this matter, the removing party must prove by a

---

[2] *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A, Tab 2 ("Plaintiff's Original Petition") at Section II.

[3] *See* Declaration of Jack D. Kocks ("Kocks Declaration") at ¶¶ 2-8, a true and correct copy of which is attached hereto as Exhibit B.

[4] 28 U.S.C. 1332(c); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *see also Sanderson v. Hyder*, No. 3:07-CV-0425-G, 2007 WL 1435561, at *2 (N.D. Tex. May 16, 2007).

[5] 28 U.S.C. 1332(c); *Tomdra Investments, L.L.C. v. CoStar Realty Info., Inc.*, --- F.Supp.2d ---, 4:10-CV-305-BJ-ECF, 2010 WL 3430493**,** at *2 (N.D. Tex. Aug. 24, 2010).

[6] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Finley v. Network Communications, Inc.*, No. 3:10-CV-1575-B, 2010 WL 4628108, at *1-3 (N.D. Tex. Nov. 5, 2010).

[7] *White v. FCI USA, Inc.*, 319 F.3d. 672, 675 (5th Cir. 2003); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

---

preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum.[8] A defendant satisfies its burden when it shows that the actual amount in controversy more likely than not exceeds $75,000.[9] A defendant may satisfy this burden by: (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount.[10]

Looking at the face of Coreas' Original Petition, it is more likely than not that Coreas' specifically requested damages pursuant to the TCHRA and Texas Labor Code for (i) emotional pain and suffering, (ii) inconvenience, (iii) mental anguish, (iv) loss of enjoyment of life, (v) earnings and benefits lost in the past, (vi) earnings and benefits that in reasonable probability will be lost in the future, (vii) other nonpecuniary losses and/or compensatory damages, (viii) punitive damages, and (ix) attorneys' fees.[11] While Coreas does not plead a specific dollar amount, where the plaintiff seeks a broad range of damages pursuant to the TCHRA, courts have consistently held that it is facially apparent that the requested damages exceed $75,000.[12]

For example, if the Court were to determine that L-3 Communications unlawfully discriminated against Coreas by terminating his employment, the court could award compensatory and punitive damages up to $300,000 against L-3 Communications pursuant to the

---

[8] *Id.*; *see also Rowlings v. Travelers Prop. Casualty Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *7 (N.D. Tex. May 20, 2008).

[9] *Allen*, 63 F.3d at 1335-36; *Rawlings*, 2008 WL 2115606, at *7.

[10] *Id.*

[11] *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A, Tab 2 ("Plaintiff's Original Petition") at Section VI.

[12] *Id.*; *Allen*, 63 F.3d at 1335-36; *Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916, 921 (W.D. Tex. 2005); *see also Camargo v. Gino Morena Enterprises, L.L.C.*, No. EP-10-CV-242-KC, 2010 WL 3516186, at *3 (W.D. Tex. Sept. 02, 2010); *Sanderson v. Hyder*, No. 3:07-CV-0425-G, 2007 WL 1435561, at *2 (N.D. Tex. May 16, 2007); *Lee v. Dollar Tree Stores, Inc.*, H-07-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007).

TCHRA.[13]  Coreas also has requested an award of back pay from the time his employment terminated, which would be calculated at $31,304.00 per annum, Coreas' base salary as of the time he separated from employment with L-3 Communications.[14]  Furthermore, if he prevails at trial, Coreas would be entitled to recover his attorney's fees.[15]  With the addition of front pay and all other forms of relief requested by Coreas, it is facially apparent that the amount in controversy in this matter exceeds $75,000.[16]  This action, therefore, is removable to this Court pursuant to 28 U.S.C. § 1332(a) and 1441(a).

### III.
### TIMELY AND PROPER REMOVAL

Coreas filed his Original Petition in the State Court Action on January 21, 2011, and L-3 Communications was served with the State Court Action on January 25, 2011.[17]  Less than thirty days has expired since L-3 Communications received notice of the State Court Action through service or otherwise.  As this Notice is filed within thirty days of the filing and service of Coreas' Original Petition, L-3 Communications has complied with 28 U.S.C. § 1446(b), and this Notice is timely and proper.[18]

---

[13] L-3 Communications has more than 500 employees.  *See* Kocks Declaration at ¶ 9.  Because L-3 Communications employs more than 500 employees, Coreas is statutorily eligible to recover up to $300,000 in compensatory and punitive damages exclusive of back pay for a violation of TCHRA.  *See* TEX. LAB. CODE § 21.2585(d); *see also Allen*, 63 F.3d at 1336 ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the jurisdictional limit for removal]. Accordingly, we hold that the face of the complaint supports the assertion of federal jurisdiction").

[14] Plaintiff alleges that his base salary was $19,872.00 when his employment was terminated.  *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A, Tab 2 ("Plaintiff's Original Petition") at Section VI.  In fact, his final salary was $31,304.00.  *See* Kocks Declaration at ¶ 10.

[15] *See* TEX. LAB. CODE § 21.259(a).

[16] *Allen*, 63 F.3d at 1336; *White*, 319 F.3d. at 675-76.

[17] *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A, Tabs 2 ("Plaintiff's Original Petition") & 3 ("Return of Citation").

[18] 28 U.S.C. § 1446(b).

## IV.
## PROPER VENUE

Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, because it is the district and division embracing the place where the State Court Action is pending.

## V.
## DOCUMENTS SUBMITTED WITH THIS NOTICE

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all pleadings, process, orders, and other filings on file with the 298th District Court of Dallas County, Texas and/or served on L-3 Communications in the State Court Action are attached to this Removal.[19] Pursuant to Local Rule 81.1, L-3 Communications attaches an index of all documents filed in the State Court Action as of the date of this filing and a certified copy of the docket sheet in the State Court Action to this Removal.[20]

## VI.
## NOTICE OF REMOVAL PROVIDED TO ALL PARTIES

Pursuant to 28 U.S.C. § 1446(d), L-3 Communications has provided written notice of this Removal to Coreas and filed notice of this Removal with the clerk of the State Court Action.

## VII.
## CONCLUSION

For the foregoing reasons, L-3 Communications Corporation d/b/a L-3 Communications - EOS respectfully requests the State Court Action be removed from the 298th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

---

[19] *See* Index of Documents Filed In State Court Action, which is attached hereto as Exhibit A.
[20] *Id.*

---

Respectfully submitted,

By: */s/Michael A. McCabe*
Michael A. McCabe
Texas Bar No. 24007628
mmccabe@munckcarter.com
Kristina M. Oropeza
Texas Bar No. 24037353
koropeza@munckcarter.com
**MUNCK CARTER, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas  75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**ATTORNEYS FOR DEFENDANT L-3 COMMUNICATIONS CORPORATION d/b/a L-3 COMMUNICATIONS – EOS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served ***via certified mail, return receipt requested***, upon all known counsel of record, in accordance with the Federal Rules of Civil Procedure, on February 17, 2011:

John E. Wall, Jr., Esq.
Kolter McKenzie, Esq.
LAW OFFICES OF JOHN E. WALL, JR.
5728 Prospect Ave., Ste 2001
Dallas, TX  75206
*Counsel for Plaintiff*

*/s/Michael A. McCabe*
Michael A. McCabe